IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-01648-BNB

TROY LAWRENCE, SR.,

    Applicant,

v.

JOHN C. OLIVER,

    Respondent.

## ORDER OF DISMISSAL

Applicant, Troy Lawrence, Sr., is a prisoner in the custody of the Federal Bureau of Prisons (BOP) at ADX in Florence, Colorado. Applicant initiated this action by filing *pro se* an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 and a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 in a Habeas Action. Applicant has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.

In an order filed on June 21, 2014, Magistrate Judge Boyd N. Boland directed Respondent to file a Preliminary Response limited to addressing the affirmative defense of exhaustion of administrative remedies. Respondent filed a Response on July 14, 2014, and stated that he will not raise the affirmative defense of exhaustion of administrative remedies. Nonetheless, the Court now has reviewed the merits of the Application and will dismiss the action for the following reasons.

Applicant asserts that his due process rights were violated in the disciplinary proceeding in Incident Report No. 2425255 when he was denied the ability to attend the

disciplinary hearing. In reviewing the petition, *see* ECF No. 3, that Applicant originally filed in the Western District of Louisiana, and which subsequently was transferred to this Court on June 12, 2014, the Court finds that Applicant states his punishment in IR No. 2425255 included (1) thirty days of disciplinary segregation; (2) a loss of 180 days of email privileges; and (3) a loss of 180 days of telephone privileges. Applicant seeks expungement of the disciplinary conviction and a return to general population.

Applicant, therefore, was not sanctioned with the loss of good conduct time in IR No. 2425255. Because Applicant's sanctions did not include the loss of good conduct time, and did not affect the length of Applicant's sentence, his claims are not properly addressed in a § 2241 action.

"The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). Thus, "a prisoner who challenges the fact or duration of his confinement and seeks immediate release or a shortened period of confinement, must do so through an application for habeas corpus." *Palma-Salazar v. Davis*, 677 F.3d 1031, 1035 (10th Cir. 2012). "For inmates being punished for misconduct, a liberty interest exists only when the penalty lengthens the confinement or involves an 'atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.' " *Meek v. Jordan*, 534 F. App'x 762, 765 (10th Cir. 2013) (quoting *Sandin v. Conner*, 515 U.S. 472, 484 (1995)). An inmate must show that the punishment will "inevitably affect the duration of his sentence." *Sandin*, 515 U.S. at 487. The punishment in IR No. 2425255 does not inevitably affect the duration of Applicant's sentence and will be dismissed as improperly asserted in this

action.

Even if the Court were to construe the claims as challenging conditions of confinement, which are properly raised in a prisoner complaint pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), the Due Process Clause does not protect every change in the conditions of confinement that has a substantial adverse impact on the prisoner. *See Meachum, et al., v. Fano, et al.*, 427 U.S. 215, 224 (1976). As stated above, a liberty interest exists only when the penalty involves an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin*, 515 U.S. at 484. Applicant does not assert an atypical and significant hardship.

Relevant factors to be considered in determining whether certain conditions of confinement impose atypical and significant hardship in relation to the ordinary incidents of prison life include whether the conditions relate to and further a legitimate penological interest, whether the conditions are extreme, whether the conditions increases the duration of confinement, and whether the conditions are indeterminate. *See DiMarco v. Wyo. Dep't of Corr.*, 473 F.3d 1334, 1342 (10th Cir. 2007).

The loss of certain privileges and being placed on restricted privileges status for periods of less than ninety days does not subject Applicant to an atypical and significant hardship in relation to the ordinary incidents of prison life. *See, e.g., Grady v. Garcia*, No. 12-1151, 506 F. App'x 812, 814 (10th Cir. 2013) (inmates placement on restricted privileged status for 105 days did not constitute an atypical and significant hardship when compared to the ordinary incidents of prison life); *Meek*, 534 F. App'x at 765 (finding that sixty days in punitive segregation as a disciplinary sanction did not

implicate a protected liberty interest).

Applicant's placement in disciplinary segregation for thirty days does not *per se* violate his liberty interest. Furthermore, a loss of 180 days of access to email and to make telephone calls does not impose an atypical and significant hardship in relation to the ordinary incidents of prison life. The loss relates to and furthers a legitimate penological interest, is not extreme, and does not increase the duration of Applicant's confinement or is it indeterminate.

Finally, Applicant has no constitutional right to be removed from the Special Management Unit and returned to general population. The Constitution itself does not provide a prison inmate with any liberty interest in his classification or placement because he is not entitled to any particular degree of liberty in prison. *Meachum v. Fano*, 427 U.S. 215, 225 (1976); *Templeman v. Gunter*, 16 F.3d 367, 369 (10th Cir. 1994). Due process guarantees do not protect every change in the conditions of confinement having a substantial adverse impact on the prisoner. *Meachum*, 427 U.S. at 224. Applicant, therefore, does not have a liberty interest or right to be transferred to another prison facility. Therefore, Applicant's claims if construed as condition of confinement claims would be dismissed pursuant to 28 U.S.C. § 1915(e).

The Court also certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Applicant files a notice of appeal he also must pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

Accordingly, it is

ORDERED that the Application is denied and the action dismissed on the merits and with prejudice. It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied.

DATED at Denver, Colorado, this  19th   day of    August         , 2014.

BY THE COURT:


  s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court