IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-01648-LTB

TROY LAWRENCE , SR.,

    Applicant,

v.

JOHN C. OLIVER,

    Respondent.

## ORDER

At issue is the "Motion for Reconsideration Pursuant to Fed. R. Civ. Proc. 59(e); 60(b)," ECF No. 21, that Applicant filed on September 12, 2014. Applicant requests that the Court reconsider the August 19, 2014 Order of Dismissal.

A litigant subject to an adverse judgment who seeks reconsideration by the district court of that adverse judgment may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). A motion to alter or amend the judgment must be filed within twenty-eight days after the judgment is entered. *See* Fed. R. Civ. P. 59(e). The Court will consider Applicant's Motion for Reconsideration pursuant to Rule 59(e) because the motion was filed within twenty-eight days after the Court dismissed this action.

A Rule 59(e) motion may be granted "to correct manifest errors of law or to present newly discovered evidence." *Phelps v. Hamilton*, 122 F.3d 1309, 1324 (10th Cir. 1997) (internal quotation marks omitted). Relief under Rule 59(e) also is appropriate when "the court has misapprehended the facts, a party's position, or the

controlling law." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).

After consideration of the Motion for Reconsideration, the Order of Dismissal, and the entire file, the Court concludes that Applicant fails to demonstrate some reason why the Court should alter or amend the August 19, 2014 Order of Dismissal and Judgment in this action.

Applicant asserts in the Motion for Reconsideration that the Court denied him the opportunity to show that his current placement in the "modified" solitary confinement is an atypical and significant hardship in relation to the ordinary incidents of prison life. In support of his atypical and significant hardship claim, Applicant alleges that the Disciplinary Hearing Officer (DHO) was required to comply with administrative regulations, and abused his discretion, when he did not sanction Applicant with the loss of good conduct time in Incident Report (IR) No. 2425255. Applicant also asserts that if it were not for the IR he would be in general population and not subject to spending the majority of his day in his cell and be denied institutional programs, other prison functions, and access to email and the telephone (Applicant concedes he is allowed one fifteen minute call per month). Finally, Applicant asserts that as a result of the IR he is not able to apply for the 2014 Presidential Clemency Program and will receive a more severe punishment if he ever commits the same offense again.

First, Applicant's placement in modified solitary confinement is a classification issue and was addressed adequately in the August 19, 2014 Order. Second, Applicant's abuse of discretion claim is legally frivolous. In *Hovater v. Robinson,* 1 F.3d 1063, 1068 n. 4 (10th Cir. 1993) (citing *Davis v. Scherer,* 468 U.S. 183, 194 (1984)), the Tenth Circuit stated that "a failure to adhere to administrative regulations does not

equate to a constitutional violation." Furthermore, the claim is not credible. It is unreasonable that Applicant would want to incur the loss of good conduct time so that he would be able to challenge his disciplinary proceeding in a § 2241 action.

Third, Applicant's other claims, that he now has been denied programming and the ability to apply for clemency, under the 2014 Presidential Clemency Program, and may receive a more severe punishment if he commits that same offense in the future, were not raised in the Application. A Rule 59(e) motion is not a new opportunity to revisit issues already addressed or to advance new arguments. *See Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). Nonetheless, the claims lack merit and even if they were raised in the Application would not provide a basis for finding a liberty interest violation.

Applicant's future offense claim is speculative and does not support a finding that a liberty interest exists based on the speculation. Furthermore, the Court finds no liberty interest in clemency consideration, *see Duvall v. Keating*, 162 F.3d 1058, 1060 (10th Cir. 1998) (prisoner has no constitutional right to a clemency proceeding) (citation omitted), or in prison programming, *see Estate of DiMarco v. Wyo. Dep't of Corrections, Div. of Prisons*, 473 F.3d 1334, 1343 (10th Cir. 2007) (prisoner does not have a right to access every type of program available to other inmates, ranging from work to recreation). The Court, therefore, will deny the Motion for Reconsideration because Applicant fails to demonstrate reinstatement of this action is deserving. Accordingly, it is

ORDERED that the Motion for Reconsideration, ECF No. 21, is construed as filed pursuant to Fed. R. Civ. P. 59(e) and is DENIED. It is

4

FURTHER ORDERED that pursuant to Applicant's suggestion, Page One, paragraph one, of the August 19, 2014 Order is amended as follows:

>Applicant, Troy Lawrence, Sr., is a prisoner in the custody of the United States Penitentiary in Florence, Colorado. Applicant initiated this action by filing *pro se* a Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 in the United States District Court for the Western District of Louisiana and paying the $5 filing fee. The Western District of Louisiana found this case more properly is filed in this Court and transferred the case to this Court on June 11, 2014.

DATED at Denver, Colorado, this  23rd  day of   September  , 2014.

BY THE COURT:

   s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court